IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBI CANNON, | No. C 05-01688 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. / | |

On June 30, 2006, the Court heard argument on defendant's motion for summary judgment. Having considered the arguments of counsel and the papers submitted, and for good cause appearing, the Court hereby GRANTS IN PART defendant's motion.

On May 27, 2001, Cannon was involved in an automobile accident in Pleasanton, California. Her right hand and wrist were severely injured in the accident, requiring multiple surgeries and causing permanent damage and disfigurement. Cannon settled with the other driver's insurance company for $100,000 in early 2002 and thereafter contacted her insurer, State Farm, to make an underinsured motorist claim. State Farm initially determined that plaintiff had been fully compensated by the $100,000 settlement, and refused to pay plaintiff additional money. After plaintiff retained counsel, State Farm made some offers below policy limits. Ultimately, the case went to arbitration in mid-2003, where plaintiff was awarded the underinsured motorist policy limit of $250,000 from the arbitrator.

In February 2005, plaintiff filed this action against State Farm for breach of contract and bad faith denial of insurance benefits. Defendant now moves for summary judgment. The Court GRANTS the motion with respect to plaintiff's breach of contract claims, and DENIES the motion with respect

to plaintiff's bad faith claims.[1]

Plaintiff's breach of contract claims must be dismissed because plaintiff has failed to identify a single policy provision that State Farm breached. Rather, the undisputed evidence is that State Farm promptly paid plaintiff the policy limits for medical payments coverage ($5000.00) and, after submitting to arbitration, also paid plaintiff the policy limit for underinsured motorist coverage. Plaintiff has provided this Court with no argument as to how the insurance contract was breached, and has not identified a contractual provision that she claims defendant failed to honor. Accordingly, the Court GRANTS defendant's motion for summary judgment as to plaintiff's breach of contract claim.

The heart of Cannon's case is her claim that State Farm denied her insurance benefits in bad faith, breaching the implied covenant of good faith and fair dealing. In its defense, State Farm invokes the "genuine issue" defense. While "the reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact," *Amadeo*, 290 F.3d at 1161, summary judgment may nonetheless be granted for the insurer on a bad faith claim if at the time it denied coverage there was a "genuine issue" as to whether there was coverage under the policy. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1010 (9th Cir. 2004); *see also Dalrymple v. United Servs. Auto Ass'n*, 40 Cal. App. 4th 497, 520 (Cal. App. 1995) ("Where there is a genuine issue as to the insurer's liability under the policy under California law, bad faith liability cannot be imposed.").

Although "genuine issue" cases generally involve issues of coverage, such as whether an insured's loss falls under the terms of its insurance policy, courts have also recognized the "genuine issue" defense in disputes over the amount of damages an insurance company must pay to its insured. For example, in *Fraley v. Allstate Ins. Co.*, 81 Cal. App. 4th 1282 (Cal. App. 2000), the California Court

---

[1] In addition, the Court finds that it has jurisdiction over this matter. In a declaration submitted to the Court, State Farm asserts that both parties agree that the amount in controversy "far exceeds the jurisdictional minimum of $75,000." Davis Decl. at 2. Indeed, according to defense counsel, at an Early Neutral Evaluation conference plaintiff indicated that the settlement value of the case was $800,000. *Id.* at ¶ 1. And in a removal case, representations by the plaintiff about the amount in controversy are deemed especially reliable because there is no risk that the plaintiff will exaggerate the amount to avoid jurisdiction. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 374-77 (9th Cir. 1997) ("Because the plaintiff instituted the case in state court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.'") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

of Appeal found no bad faith as a matter of law where a "genuine dispute" existed as to the cost of repairs to be paid under a fire insurance policy. *Id.* at 1292 ("Where the parties rely on expert opinions, even a substantial disparity in estimates for the scope and cost of repairs does not, by itself, suggest the insurer acted in bad faith.").

Here, if there was a genuine dispute whether plaintiff's damages were in excess of policy limits, then State Farm could not be charged with bad faith in failing to pay policy limits prior to arbitration; and summary judgment for State Farm would be appropriate. If, on the other hand, there was no genuine dispute prior to the arbitration that State Farm would be required to pay policy limits, then failure to pay plaintiff earlier in the process could be in bad faith and summary judgment would be unavailable.

Plaintiff did not move for summary judgment in her favor on this point, but vigorously contested State Farm's entitlement to summary judgment on its defense. While a close question, plaintiff has introduced enough evidence that there was no "genuine issue" as to State Farm's liability for policy limits in order to avoid summary judgment. Viewed in the light most favorable to plaintiff, the evidence suggests that State Farm should have known that plaintiff's case was a "policy limits" case, yet continued to offer her significantly smaller settlement amounts than the $250,000 policy limit. This is sufficient to survive summary judgment. Accordingly, the Court DENIES defendant's motion as to plaintiff's bad faith claim.

Defendant also moves for summary judgment on plaintiff's request for punitive damages. This is also a close question, given the high standard that plaintiff must meet. *See* Cal. Civil Code § 3294 (establishing clear and convincing evidence standard for punitive damages claims). Again, however, viewed in the light most favorable to plaintiff, the evidence suggests that State Farm exposed plaintiff to unwarranted procedural hurdles and denied her claim without considering all of her evidence. While this evidence may not be sufficient to support a punitive damages claim at trial, the Court believes it is sufficient at this stage of the proceedings to avoid summary judgment. Accordingly, the Court DENIES defendant's motion as to plaintiff's request for punitive damages.

///

## CONCLUSION

For the foregoing reasons and for good cause shown the Court hereby GRANTS IN PART defendant's motion for summary judgment (Docket No. 18).

**IT IS SO ORDERED.**

Dated: July 5, 2006

SUSAN ILLSTON
United States District Judge